United States District Court for the MA Northern District of Illinois
(219 South Dearborn Street, Chicago, IL 60604)

| | |
|---|---|
| Ronald Satish Emrit, Plaintiff (Pro Se) | C.A. No.: 1:2014cv3281 |
| v. | |
| American Bar Association (ABA), National Conference of Bar Examiners (NCBE), Washington State Bar Association (WSBA), Florida Board of Bar Examiners, & James R. Silkenat, Defendants | FILED MAY 19 2014 THOMAS G. BRUTON CLERK U.S. DISTRICT COURT |

## MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this motion to have the court issue a judgment notwithstanding the verdict (JNOV) or judgment as a matter of law (JMOL). Although a jury has neither been impaneled nor subjected to voir dire, this motion has been filed as a strategic maneuver to commence the discovery process and/or trial. Pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure (F.R.C.P.), "If a party has

been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

Pursuant to Rule 50(a)(2) of the Federal Rules of Civil Procedure (F.R.C.P.), "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment."

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure (F.R.C.P.), "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling

on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."

Pursuant to Rule 50(c)(1) of the Federal Rules of Civil Procedure (F.R.C.P.), "If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed. The court must state the grounds for conditionally granting or denying the motion for a new trial."

Pursuant to Rule 50(c)(2) of the Federal Rules of Civil Procedure (F.R.C.P.), "Conditionally granting the motion for a new trial does not affect the judgment's finality; if the judgment is reversed, the new trial must proceed unless the appellate court orders otherwise. If the motion for a new trial is conditionally denied, the appellee may assert error in that denial; if the judgment is reversed, the case must proceed as the appellate court orders."

Pursuant to Rule 50(d) of the Federal Rules of Civil Procedure (F.R.C.P.), "Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered must be filed no later than 28 days after the entry of the judgment."

Pursuant to Rule 50(e) of the Federal Rules of Civil Procedure (F.R.C.P.), "If the court denies the motion for judgment as a matter of law, the prevailing party may, as appellee, assert grounds entitling it to a new trial should the appellate court conclude that the trial court erred in denying the motion. If the appellate court reverses the judgment, it may order a new trial, direct the trial court to determine whether a new trial should be granted, or direct the entry of judgment."

WHEREFORE, the plaintiff has brought forth this judgment notwithstanding the verdict (jnov) even though none of the five defendants have officially been served with process. This motion for a judgment notwithstanding the verdict (jnov) has been filed as a strategic maneuver to commence the discovery process and/or trial.

Respectfully submitted,

Ronald Satish Emrit
Ronald Satish Emrit
976 Douglas Ave., 2nd Floor
Providence, RI 02908
(401) 272-0547
einsteinrockstar@gmail.com
wilburandcharlotte@gmail.com